

**GEORGIA M. PESTANA**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**JOSHUA KAUFMAN**
*Assistant Corporation Counsel*
Phone: (212) 356-3521
Fax: (212) 356-3509
Email: jokaufma@law.nyc.gov

December 6, 2021

**BY E.C.F.**
Honorable Vera M. Scanlon
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Rayne Valentine v. City of New York, et al.,
   21-CV-4867 (EK) (VMS)

Your Honor:

I am an Assistant Corporation Counsel in the Office of Georgia M. Pestana, Corporation Counsel of the City of New York, and the attorney for defendant City of New York (" defendant City"), in the above-referenced matter. In that capacity, the undersigned writes to respectfully request a stay of the present civil proceeding in its entirety until thirty (30) days after the resolution of a New York City Police Department ("NYPD") Internal Affairs Bureau ("IAB") investigation into the underlying allegations in this case. This is the first request for a stay of proceedings in this matter. The undersigned conferred with plaintiff's counsel who indicated that they will be filing a letter response to this application in accordance with your Honor's individual rules.

By way of background, plaintiff filed his complaint dated August 28, 2021, *alleging inter alia*, that on May 31, 2020 he was subjected to excessive force in violation of his constitutional rights. See Docket Entry Number 1. In his complaint, plaintiff named NYPD Detective Amjad Kasaji ("defendant Kasaji") as a party in this lawsuit. On October 1, 2021, defendants requested an enlargement of time of sixty (60) days from October 5, 2021 to December 6, 2021 to answer or otherwise respond to plaintiff's complaint. See Docket Entry Number 15. Following that request, the Court ordered the undersigned to file a status report detailing the "progress [of] gathering information referenced in [the extension letter.]" The undersigned detailed those efforts in a status letter to the Court dated October 18, 2021. See Docket Entry Number 16. In a Conference before your Honor on October 21, 2021, your Honor extended the deadline for defendants to Answer or otherwise respond to plaintiff's complaint to December 6, 2021. See Electronic Order dated October 21, 2021.

The undersigned has been informed that there is a pending IAB investigation into the underlying incident, which inhibits this Office from determining whether they are able to represent defendant Kasaji. Further, as a result of the pending IAB investigation, IAB is not releasing information to this Office which would assist this office in identifying any John/Jane Doe officers referenced in plaintiff's complaint. As a result, defendants are respectfully requesting a stay of this matter until thirty days after the completion of the IAB investigation.

There are several reasons why the pending IAB investigation necessitates a stay of the instant action. First, the internal investigation may affect the representation of the individual defendants depending on the investigation's outcome. Before this Office may assume representation of the individual defendants, it is required by General Municipal Law § 50-(k) to conduct an investigation into whether each officer is eligible for representation. *See* N.Y. Gen. Mun. Law § 50-(k); *Mercurio v. City of New York*, 758 F.2d 862, 864-65 (2d Cir. 1985). Pursuant to § 50-(k)(2), this Office must first determine whether an individual employee "was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged act or omission occurred." *See* § 50-(k)(2); *see also Mercurio*, 758 F.2d at 864-65; *Muniz v. City of New York*, No. 12-CV-719 (TPG), 2012 U.S. Dist. LEXIS 99826, at *4 (S.D.N.Y. July 17, 2012) (granting stay as to individual defendants pending resolution of internal agency investigation). Because of the open investigation, this Office cannot make a determination at this time as to whether each officer "was acting within the scope of his public employment," and likewise, this Office cannot make a decision regarding the representation of defendant Kasaji.

Moreover, until the investigation concludes, both parties will have limited access to any documents, recordings, or other information regarding the incident alleged in this case, or to any relevant materials generated by IAB during the investigation, because they are protected from disclosure by the law enforcement privilege, which was created, *inter alia*, to "safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." *Nat'l Congress for Puerto Rican Rights v. City of New York, et al.*, No. 99-CV-1694 (SAS), 2000 U.S. Dist. LEXIS 4448, **5-6 (S.D.N.Y. Apr. 7, 2000) (citing *In re Dep't of Investigation of the City of New York*, 856 F.2d 481, 484 (2d Cir. 1998)). These same documents may also be protected from disclosure during the investigation's pendency by the deliberate process privilege. *See Nat'l Council of La Raza v. Dep't of Justice*, 411 F.3d 350, 356 (2d Cir. 2005) (noting that inter-agency or intra-agency documents that are both pre-decisional and deliberative may be subject to the deliberative process privilege) (internal citations and quotation marks omitted). Consequently, should a stay be denied, defendant City will be unable to effectively respond to plaintiff's Complaint, fully participate in court conferences, or prepare any discovery.

Finally, plaintiff will not be prejudiced by a temporary stay in this case. Moreover, any potential prejudice would be significantly diminished by the fact that IAB is investigating the incident. In fact, should a stay be issued until the conclusion of the investigation, the relevant information will be compiled and presented in a way that will beneficially streamline discovery for all parties, including plaintiff.

Based on the foregoing, defendants respectfully requests that the Court stay the instant matter until thirty (30) days after the conclusion of the IAB investigation into this matter. Defendant City thanks the Court for its time and attention to this matter.

Respectfully submitted,

*Joshua Kaufman*
Joshua Kaufman
Assistant Corporation Counsel
Special Federal Litigation Division
(212) 356-3521

cc: **BY ECF**
   All Counsel of Record