**Gideon Orion Oliver**
—ATTORNEY AT LAW—
He/him/his

277 Broadway, Suite 1501
New York, NY 10007

1825 Foster Avenue, Suite 1K
Brooklyn, NY 11230

Gideon@GideonLaw.com*
GideonLaw.com

**Office**: (718) 783-3682
**Signal**: (646) 263-3495
**Fax**: (646) 349-2914*

*Not for service*

January 26, 2022

**BY ECF**
Honorable Vera M. Scanlon, United States Magistrate Judge
United States District Court – Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

  Re: *Rayne Valentine v. City of New York, et al.* - 21-CV-4867 (EK) (VMS)

Your Honor:

  I write to oppose the request filed on January 24, 2022 at Docket No. 24 on behalf of Defendant City of New York, former New York City Mayor Bill de Blasio, and former New York City Police Department ("NYPD") Commissioner Dermot Shea (the "Represented Defendants") for "an extension of forty-five (45) days to provide plaintiff's counsel with any responsive documents" related to this matter. I also write in further support of both Plaintiff's opposition to the Represented Defendants' application for a stay (Dkt. 19) and in support of Plaintiff's application for an Order directing Defendant City to produce the records the Law Department requested from Defendant City on October 18, 2021, as well as any records and information related to the incident described in the Complaint from New York City Health and Hospitals Corporation ("HHC")/Kings County Hospital ("KCH") and/or New York City Health and Hospitals Police ("NYHP") (*see* Dkt. 23). Finally, I write to ask that the Court grant such relief as the Court deems just and proper related to the Defendant City's apparent obstruction of defense counsel's attempts to investigate this matter, and failures to comply with the January 14, 2022 initial disclosures and January 24, 2022 answer deadlines memorialized in the parties' agreement (Dkt. 21).

  **Background**: Plaintiff filed the Complaint initiating this action on August 29, 2021. (Dkt. 1). The Represented Defendants, as well as Defendant Amjad Kasaji, were all served on September 14, 2021. (Dkts. 10-13). On October 1, 2021, defense counsel first moved for an additional 60 days to answer the Complaint, citing the Law Department's ongoing investigation into the allegations in the Complaint and related to representation of Defendant Kasaji, noting Plaintiff's offer to consent if, *inter alia*, Defendants agreed to provide "any documents, videos, photographs, or other materials obtained during the course of Defendants' investigation" into the case and the identities of the Doe Defendants, which offer the Represented Defendants rejected. (Dkt. 15). On October 18, 2021, after an order from this Court, defense counsel provided a status report, laying out that defense counsel had requested video, police paperwork, IAB records, and other documents, as part of the relevant investigations. (Dkt. 16).

Following a conference, on October 21, 2021, the Court granted the Represented Defendants' request for additional time, until December 6, 2021, for Defendants to answer the Complaint, and set a discovery schedule by which, *inter alia*, initial disclosures were due by January 7, 2022, and discovery requests were due by January 21, 2022. (10/21/21 Docket Entry).

Rather than answering, on December 6, 2021, the Represented Defendants moved for a stay of all further proceedings. In that application, defense counsel represented that, "as a result of the pending IAB investigation, IAB is not releasing information to this Office which would assist this office in identifying any John/Jane Doe officers referenced in plaintiff's complaint….[S]hould a stay be denied, defendant City will be unable to effectively respond to plaintiff's Complaint, fully participate in court conferences, or prepare any discovery." (Dkt. 17). Plaintiff opposed the stay application. (Dkt. 19). Following a conference on December 29, 2021, the Court directed supplemental briefing from Defendant City on January 10, 2021 and Plaintiff's opposition on January 14, 2022. (12/29/21 Docket Entry).

Also at the December 29, 2021 conference, the parties discussed the potential need to revise the early interim deadlines contained in the Court's Scheduling Order dated October 21, 2021 while the stay application was pending, and the Court ordered the parties to meet and confer with a view toward mutually agreeing to adjust the timeline for the early discovery work in the Scheduling Order. (12/29/21 Docket Entry). On January 3, 2022, after the parties conferred, the parties agreed to revise the early interim deadlines such that initial disclosures were due on January 14, 2022; answers from the Represented Defendants and Defendant Kasaji were due on January 24, 2022; discovery demand are due by January 28, 2022; and joinder of amendment of pleadings is permitted until March 25, 2022. (Dkt. 21). The Scheduling Order has not been amended, either by the Court or agreement of the parties, since.

On January 10, 2021, the Represented Defendants submitted a letter purporting to respond to the Court's direction at the December 29, 2021 for supplemental briefing on certain topics. (Dkt. 22). Plaintiff submitted opposition on January 14, 2022, requesting that the Court order the Represented Defendants to

> produce the records Mr. Kaufman represented to the Court that he had requested from Defendant City on October 18, 2021 (Dkt. 16), including, but not limited to, all relevant body-worn camera footage, NYPD records, and IAB and CCRB records; as well as any records and information from HHC/NYHP related to the incident described in the Complaint (including any documents and information reflecting the identities of Does 5-8), by a reasonable, and prompt, date certain.

(Dkt. 23).

On January 14, 2022, none of the Defendants provided initial disclosures. Defendants have not provided initial disclosures since. On January 24, 2022, none of the Defendants answered the Complaint. The Represented Defendants' January 24, 2022 letter and application (Dkt. 24) followed.

**Plaintiff's Response and Position**: The CCRB section of the January 24, 2022 letter does not so much as describe "hurdles" or actions that "forced" defense counsel "to resort to other means" to investigate this case, as the letter claims, but rather mixes defense counsel's own opinions about CCRB investigations with an apparent attempt to blame Plaintiff for the CCRB's decisions about how to conduct its business, including in deciding to classify its investigation as closed "pending civil litigation" on October 2, 2020. To the extent defense counsel's representations about the CCRB's investigation and handling of the complaint the IAB apparently forwarded to it in June of 2020 are relevant, self-servingly, defense counsel's representations not reflect all of the relevant communications, and omit important context.[1] For example, the Office of the Kings County District Attorney ("KCDA") was actively investigating the incident in September and October of 2020. On September 25, 2020, Mr. Valentine sat for an interview with the KCDA's Office in connection with its investigation, which he also otherwise fully cooperated with. At the time, it was Plaintiff's understanding that, while the KCDA's investigation was active, the CCRB investigation would essentially not move forward. At any rate, it is not clear what relevance defense counsel's statements about the CCRB have to the issues at hand.

On the other hand, defense counsel's representations about the Law Department's unsuccessful efforts to obtain documents and information that counsel need to investigate and participate in early discovery in this matter through requests to its own clients and agencies of Defendant City (the NYPD/IAB as well as Kings County Hospital ("KCH"), a HHC Hospital and/or the NYHP) and the KCDA's office only underscore the need for the Court to order Defendant City to produce the clearly relevant discovery that defense counsel requested from Defendant City on October 18, 2021 (*see* Dkt. 23) and deny the Represented Defendants' application for a stay, thereby clearing the way for Plaintiff to pursue discovery through the panoply of formal means available under the Federal Rules of Civil Procedure.

For example, defense counsel's letter describes a number of communications with KCH, none of which appear to have resulted in obtaining any documents or information. Notably, those communications began only recently, on January 7, 2022, although defense counsel's letter states that "a Kings County Hospital Police Officer reported to the NYPD" IAB that Mr. Valentine had complained he had been beaten by NYPD members "[o]n or about May 31, 2020" and the need to obtain records from KCH related to the incident has therefore been clear to at least the IAB since May of 2020.

Next, defense counsel states that defense counsel has contacted the IAB "on at least ten different occasions," that "there is no indication when the investigation will be

---

[1] In some cases, I believe the summaries of communications do not fairly characterize the substance of the communications in question, but ultimately discovery of recordings capturing the contents of those communications will show what was said. Defense counsel's apparent access to CCRB records purporting to reflect communications about the CCRB's investigation in 2020 undermines his claim that the Represented Defendants could not comply with their obligations to provide initial disclosures or *any* documents and demonstrates at a minimum that defense counsel needs no more time to produce documents arising from the related CCRB investigation.

3

completed," and that "[u]ntil the investigation is completed, IAB will not be turning over any of the investigatory documents" to the Law Department. Those statements and make it even clearer that, from Defendant City's perspective, Defendant City has the option to either provide documents and information as part of the discovery process outlined in the Federal Rules of Civil Procedure or simply decide Defendant City will not do so. Of course, that is not how discovery is supposed to work, and the fact that the NYPD's IAB is apparently stonewalling the Represented Defendants' counsel can be addressed by orders from the Court directing disclosure and/or sanctions.

Finally, although defense counsel states that "it does not appear that the statute of limitations for plaintiff's state law claims are an issue" since "plaintiff's counsel can amend the Complaint to name the fourteen NYPD officers believed to be present at the incident," Plaintiff addressed those arguments in Plaintiff's January 14, 2022 letter (Dkt. 23). At this time, absent further documents or information, Plaintiff has no choice but to amend the Complaint on or before next Monday, February 1, 2022, when the state law statutes of limitations run, to add all fourteen NYPD members whose names defense counsel recently provided in connection with their potential presence near or involvement in Mr. Valentine's beating (or failing to intervene in connection with it) on the street. Even assuming that captures those NYPD members who were actually involved or who were in a position to intervene and failed to on the street, the identities of the Defendant City officers who questioned and attempted to question Mr. Valentine at KCH[2] and at his home remain a mystery.

**Conclusion:** This case has been pending for nearly five months, yet the Represented Defendants have not provided initial disclosures, answered, or provided any document discovery. All they have provided is the 14 names of NYPD members who may have been present at around the location where Mr. Valentine was beaten. Defense counsel's informal attempts to gain information from non-NYPD sources, including KCH, NYHP, and the KCDA, have not yielded any documents or information. And the NYPD itself appears to be stonewalling defense counsel by refusing to provide even basic documents and information, although the Court has neither granted a stay nor relieved Defendant City from its obligations to participate in discovery and to comply with the Scheduling Order in this case. Against that backdrop, Plaintiff respectfully asks that the Court deny Defendants' application for additional time to produce documents, deny Defendants' application for a stay, grant Plaintiff's application for an Order directing the Represented Defendants to produce the documents and information sought in Dkt. 23 by a reasonable and prompt date certain, and issue an order containing such relief as the Court deems just and proper in light of the Represented Defendants' apparent obstruction of defense counsel's attempts to investigate and defend this matter, and failures to comply with the January 14, 2022 initial disclosures and January 24, 2022 answer deadlines memorialized in the parties' agreement (Dkt. 21).

---

[2] Relatedly, although defense counsel has reiterated defense counsel's belief that "no member of the NYPD questioned plaintiff at KCH on May 31, 2020," the January 24, 2022 letter provides no new information on the topic. Plaintiff's position remains, as said in Plaintiff's January 14, 2022 letter (Dkt. 23), that is incorrect. Notably, as stated in the Complaint, IAB does not have a history of making accurate representations about the NYPD's interactions with Mr. Valentine in this case. *See* Complaint ¶¶ 51-74.

4

Thank you for your attention to this matter.

Respectfully submitted,

/S/

Gideon Orion Oliver