277 Broadway, Suite 1501
New York, NY 10007

1825 Foster Avenue, Suite 1K
Brooklyn, NY 11230

**Gideon@GideonLaw.com**\*

**GideonLaw.com**

**Office**: (718) 783-3682
**Signal**: (646) 263-3495
**Fax**: (646) 349-2914\*

*\*Not for service*

## Gideon Orion Oliver

—ATTORNEY AT LAW—

He/him/his

June 23, 2022

**BY ECF**
Honorable Vera M. Scanlon
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:     *Rayne Valentine v. City of New York, et al.* - 21-CV-4867 (EK) (VMS)

Your Honor:

I am co-counsel for Plaintiff. I write to submit this application, made with Defendants' consent, that the Court extend the June 23, 2022 deadline, which this Court set on March 28, 2022, until a date to be determined by the Court after the August 9, 2022 conference in this matter.

I also write to respond to the Law Department's June 22, 2022 application asking that the Court extend the time for all defendants to answer or otherwise respond to the Amended Complaint until August 8, 2022 (Dkt. No. 44).

**In terms of Plaintiff's application**, the Court first set March 25, 2022 as the deadline by which Plaintiff could amend the pleadings or join parties on October 21, 2021. On March 25, 2022, I moved for an extension of time to amend the pleadings or join parties until June 23, 2022 (Dkt. No. 34), and, on March 28, 2022, the Court granted that application.

As the Court is aware from the June 6, 2022 status conference, the case is in a transitional phase, including due to changes in staffing on defense counsel's end, in which, between now and September 9, 2022, the parties are to review the materials produced by the Internal Affairs Bureau, the anticipated production from the Office of the Kings County District Attorney's Office, and videos produced, with a view toward possibly dismissing Defendants not involved in the events alleged by Plaintiff. However, other discovery, including discovery to identify the remaining Doe Defendants, is not currently moving forward.

According to the Law Department, "the City disagrees that nothing has been done to ID the John Doe officers as it is my understanding that the prior ACC turned over the IAB file related to this incident." However, as discussed at the last conference, that did not identify the relevant officers – which is why the Court ordered the parties to review certain

materials and engage in certain other investigations and conferrals between June 6 and the September 9 conference.

Therefore, Plaintiff seeks an extension of the current June 23, 2022 deadline by which Plaintiff must amend the Complaint, until a date to be determined by the Court after the August 9, 2022 conference. If the Court grants this application, it will not impact other deadlines in the case.

Finally, to explain the timing of this letter, I reached out to counsel of record, Joshua Kaufman, Esq., several times last week, and earlier this week, by e-mail and phone, to find out the Law Department's position on Plaintiff's application. On Monday, I began an ongoing trial before Hon. Kimba M. Wood in *Mary Tardif v. City of New York*, 13-cv-4056. After the trial began and I had not heard back from the Law Department, my co-counsel called other Law Department attorneys to try to speak with whomever is now assigned to the case. Then, yesterday afternoon, I received a message from the Law Department attorney who filed Dkt. No. 44. After we spoke on the phone at around 4:30PM, he was going to e-mail me the Law Department's position and a statement to include in this application, along with details about the Law Department's proposed application to extend the time to answer. I received the statement to include in this application by e-mail at 10:21 PM. I then received a draft of Dkt. No. 44 at 10:21PM.

**Plaintiff opposes the Law Department's application (Dkt. No. 44)**, particularly as to Defendant Amjad Kasaji. The Law Department has moved to extend the time to answer on behalf of a number of individual Defendants, including Amjad Kasaji, all of whom the Law Department does not currently represent. At the outset, the Court has repeatedly granted applications to extend the deadlines for a number of apparently unrepresented individual Defendants that the Law Department has made. At the June 6, 2022 conference, my recollection is that the Court set the June 23, 2022 deadline for all remaining Defendants to answer in light of that fact and taking into consideration defense counsel's representations about how long it would take the Law Department's investigations to conclude and for representation decisions to be made. In light of the Law Department's inability to meet that deadline, asks that the Court set a reasonable date certain, well in advance of the next scheduled conference, by which the remaining individual Defendants must answer or otherwise respond to the Complaint, or grant such other relief that the Court deems just and proper under the circumstances. From Plaintiff's perspective, it is critical that the Law Department do the work that it was supposed to have been doing between June 6 and the present as soon as possible, so that the parties can be in a position to comply with the Court's order about investigating and conferring about the case before the next conference.

Thank you for your attention to this matter.

Respectfully submitted,

/S/

Gideon Orion Oliver