UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

RAYNE VALENTINE

                                                                    Plaintiff,

                    -against-

THE CITY OF NEW YORK; MAYOR BILL DE BLASIO; NEW YORK CITY POLICE DEPARTMENT ("NYPD") COMMISSIONER DERMOT SHEA; NYPD OFFICER DIMITRI KALININ, SHIELD NUMBER 27547; NYPD OFFICER MICHAEL LICATA, SHIELD NUMBER 27684;  NYPD OFFICER ALNALDO RODRIGUEZ, SHIELD NUMBER 27536;  NYPD OFFICER DOUGLAS SHEEHAN, SHIELD NUMBER 26759;  NYPD OFFICER ARTHUR VANZILEN, SHIELD NUMBER 29090; NYPD OFFICER JOHN VARGAS, SHIELD NUMBER 16643; NYPD OFFICER NASIMDZHON MELIKOV, TAX REGISTRY NUMBER 964164; NYPD OFFICER STEVEN ZANCA, SHIED NUMBER 4377; NYPD SERGEANT ROBERT BELLANTONIO, TAX REGISTRY NO. 948651; NYPD SERGEANT MATTHEW JOZWICKI, SHIELD NUMBER 04905; NYPD SERGEANT BILL MORRISSEY; NYPD DETECTIVE GABRIEL ECHEVARRIA, SHIELD NUMBER 6488; NYPD DETECTIVE RAYMOND GORDON, SHIELD NUMBER 4592; NYPD DETECTIVE JOHN HOLLAND, SHIELD NUMBER 4102;NYPD DETECTIVE AMJAD KASAJI, SHIELD NO. 6901; NYPD DETECTIVE WARREN ROHAN, SHIELD NUMBER 2378; NYPD DETECTIVE MICHAEL SCOLOVENO, SHIELD NUMBER 5901; NYPD DETECTIVE ANIBAL TORRES, SHIELD NUMBER 2123; and NYPD MEMBERS JOHN DOES 1-11,

                                                                     Defendants.

------------------------------------------------------------------------ x

**ANSWER TO THE FIRST AMENDED COMPLAINT BY DEFENDANTS**

21-CV-4867 (EK) (VMS)

**JURY TRIAL DEMANDED**

Defendants by their attorney, the Honorable Sylvia O. Hinds Radix, Corporation Counsel of the City of New York, for Defendants' Answer to the Amended Complaint, respectfully allege, upon information and belief, as follows:

1. Deny the allegations set forth in paragraph "1" of the First Amended Complaint.

2. Deny the allegations set forth in paragraph "2" of the First Amended Complaint.

3. Deny the allegations set forth in paragraph "3" of the First Amended Complaint.

4. Deny the allegations set forth in paragraph "4" of the First Amended Complaint.

5. Deny the allegations set forth in paragraph "5" of the First Amended Complaint except admit that Plaintiff purports to seek the relief stated therein.

6. Deny the allegations set forth in paragraph "6" of the First Amended Complaint except admit that Plaintiff purports to proceed and invoke the Court's jurisdiction as set forth therein.

7. Deny the allegations set forth in paragraph "7" of the First Amended Complaint except admit that Plaintiff purports to base venue as set forth therein.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the First Amended Complaint.

9. Admit the allegations set forth in paragraph "9" of the First Amended Complaint.

10. Deny the allegations set forth in paragraph "10" of the First Amended Complaint.

11. Deny the allegations set forth in paragraph "11" of the First Amended Complaint.

12. Deny the allegations set forth in paragraph "12" of the First Amended Complaint except admit that Defendant City employed Police Officer Dimitri Kalinin, Police Officer Michael Licata, Police Officer Alnaldo Rodriguez, Police Officer Douglas Sheehan, Police Officer Arthur Vanzilen, Police Officer John Vargas, Police Officer Nasimdzhon Melikov, Police Officer Steven Zanca, Sergeant Robert Bellantonio, Sergeant Matthew Jozwicki, Sergeant Bill Morrissey, Detective Gabriel Echevarria, Detective Raymond Gordon, Detective John Holland, Detective Amjad Kasaji, Detective Warren Rohan, Detective Michael Scoloveno, and Detective Anibal Torres.

13. Deny the allegations set forth in paragraph "13" of the First Amended Complaint except denies knowledge or information sufficient to form a belief as to the truth of the allegations as it pertains to unidentified officers.

14. Deny the allegations set forth in paragraph "14" of the First Amended Complaint except denies knowledge or information sufficient to form a belief as to the truth of the allegations as it pertains to unidentified officers.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the First Amended Complaint.

16. The allegations in paragraph "16" of the First Amended Complaint are legal conclusions to which no response is required.

17. The allegations in paragraph "17" of the First Amended Complaint are legal conclusions to which no response is required.

18. The allegations in paragraph "18" of the First Amended Complaint are legal conclusions to which no response is required.

19. Deny the allegations set forth in paragraph "19" of the First Amended Complaint.

20. Deny the allegations set forth in paragraph "20" of the First Amended Complaint.

21. Deny the allegations set forth in paragraph "21" of the First Amended Complaint.

22. Deny the allegations set forth in paragraph "22 of the First Amended Complaint except admit that Plaintiff purports to proceeded therein.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the First Amended Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the First Amended Complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the First Amended Complaint.

26. Deny the allegations set forth in paragraph "26" of the First Amended Complaint except admit that George Floyd died on May 25, 2020.

27. Deny the allegations set forth in paragraph "27" of the First Amended Complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the First Amended Complaint.

29. Deny the allegations set forth in paragraph "29" of the First Amended Complaint but admit that Plaintiff purports to proceed therein.

30. Deny the allegations set forth in paragraph "30" of the First Amended Complaint but admit that Plaintiff purports to proceed therein.

31. Deny the allegations set forth in paragraph "31" of the First Amended Complaint but admit that Plaintiff purports to proceed therein.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the First Amended Complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the First Amended Complaint.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the First Amended Complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the First Amended Complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the First Amended Complaint.

37. Deny the allegations set forth in paragraph "37" of the First Amended Complaint.

38. Deny the allegations set forth in paragraph "38" of the First Amended Complaint and refer the Court to the materials cited therein for full recitation of their contents.

39. Deny the allegations set forth in paragraph "39" of the First Amended Complaint.

40. Deny the allegations set forth in paragraph "40" of the First Amended Complaint.

41. Deny the allegations set forth in paragraph "41" of the First Amended Complaint.

42. Deny the allegations set forth in paragraph "42" of the First Amended Complaint.

43. Deny the allegations set forth in paragraph "43" of the First Amended Complaint.

44. Deny the allegations set forth in paragraph "44" of the First Amended Complaint.

45. Deny the allegations set forth in paragraph "45" of the First Amended Complaint.

46. Deny the allegations set forth in paragraph "46" of the First Amended Complaint.

47. Deny the allegations set forth in paragraph "47" of the First Amended Complaint.

48. Deny the allegations set forth in paragraph "48" of the First Amended Complaint.

49. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the First Amended Complaint.

50. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the First Amended Complaint.

51. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the First Amended Complaint.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the First Amended Complaint.

53. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the First Amended Complaint.

54. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the First Amended Complaint as they pertain to unidentified officers.

55. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the First Amended Complaint as they pertain to unidentified officers.

56. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" of the First Amended Complaint as they pertain to unidentified officers.

57. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "57" of the First Amended Complaint as they pertain to unidentified officers.

58. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "58" of the First Amended Complaint as they pertain to unidentified officers.

59. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "59" of the First Amended Complaint as they pertain to unidentified officers.

60. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "60" of the First Amended Complaint.

61. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "61" of the First Amended Complaint.

62. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "62" of the First Amended Complaint as they pertain to unidentified officers.

63. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "63" of the First Amended Complaint as they pertain to unidentified officers.

64. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "64" of the First Amended Complaint as they pertain to unidentified officers.

65. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "65" of the First Amended Complaint as they pertain to unidentified officers.

66. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "66" of the First Amended Complaint.

67. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "67" of the First Amended Complaint as they pertain to unidentified officers.

68. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the First Amended Complaint as they pertain to unidentified officers.

69. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "69" of the First Amended Complaint as they pertain to unidentified officers.

70. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "70" of the First Amended Complaint as they pertain to unidentified officers.

71. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "71" of the First Amended Complaint as they pertain to unidentified officers.

72. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "72" of the First Amended Complaint.

73. Deny the allegations set forth in paragraph "73" of the First Amended Complaint except admit that Plaintiff was interviewed.

74. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "74" of the First Amended Complaint.

75. Deny the allegations set forth in paragraph "75" of the First Amended Complaint.

76. In response to the allegations in paragraph "76" of the First Amended Complaint, Defendants repeat and reaffirm the responses to the preceding paragraphs of the this Answer, as if fully set forth herein.

77. Deny the allegations set forth in paragraph "77" of the First Amended Complaint.

78. Deny the allegations set forth in paragraph "78" of the First Amended Complaint.

79. Deny the allegations set forth in paragraph "79" of the First Amended Complaint.

80. Deny the allegations set forth in paragraph "80" of the First Amended Complaint.

81. Deny the allegations set forth in paragraph "81" of the First Amended Complaint.

82. Deny the allegations set forth in paragraph "82" of the First Amended Complaint.

83. Deny the allegations set forth in paragraph "83" of the First Amended Complaint.

84. Deny the allegations set forth in paragraph "84" of the First Amended Complaint.

85. Deny the allegations set forth in paragraph "85" and its subparts of the First Amended Complaint.

86. Deny the allegations set forth in paragraph "86" of the First Amended Complaint.

87. Deny the allegations set forth in paragraph "87" of the First Amended Complaint.

88. In response to the allegations in Paragraph "88" of the First Amended Complaint, Defendants repeat and reaffirm the responses to the preceding paragraphs of the this Answer, as if fully set forth herein.

89. Deny the allegations set forth in paragraph "89" of the First Amended Complaint.

90. Deny the allegations set forth in paragraph "90" of the First Amended Complaint.

91. Deny the allegations set forth in paragraph "91" of the First Amended Complaint.

92. In response to the allegations in paragraph "92" of the First Amended Complaint, Defendants repeat and reaffirm the responses to the preceding paragraphs of the this Answer, as if fully set forth herein.

93. Deny the allegations set forth in paragraph "93" of the First Amended Complaint except admit Defendants did not have a warrant to arrest Plaintiff.

94. Deny the allegations set forth in paragraph "94" of the First Amended Complaint.

95. Deny the allegations set forth in paragraph "95" of the First Amended Complaint.

96. The allegations in paragraph "96" of the First Amended Complaint are legal conclusions to which no response is required.

97. Deny the allegations set forth in paragraph "97" of the First Amended Complaint.

98. Deny the allegations set forth in paragraph "98" of the First Amended Complaint.

99. Deny the allegations set forth in paragraph "99" of the First Amended Complaint.

100. In response to the allegations in Paragraph "100" of the First Amended Complaint, Defendants repeat and reaffirm the responses to the preceding paragraphs of the this Answer, as if fully set forth herein.

101. Deny the allegations set forth in paragraph "101" of the First Amended Complaint.

102. Deny knowledge or the allegations set forth in paragraph "102" of the First Amended Complaint and refer the Court to the materials cited therein for full recitation of their contents.

103. Deny the allegations set forth in paragraph "103" of the First Amended Complaint and refer the Court to the materials cited therein for full recitation of their contents.

104. Deny the allegations set forth in paragraph "104" of the First Amended Complaint.

105. Deny the allegations set forth in paragraph "105" of the First Amended Complaint.

106. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "106" of the First Amended Complaint as they pertain to unidentified officers.

107. Deny the allegations set forth in paragraph "107" of the First Amended Complaint.

108. Deny the allegations set forth in paragraph "108" of the First Amended Complaint.

109. In response to the allegations in paragraph "109" of the First Amended Complaint, Defendants repeat and reaffirm the responses to the preceding paragraphs of the this Answer, as if fully set forth herein.

110. The allegations in paragraph "110" of the First Amended Complaint are legal conclusions to which no response is required.

111. Deny the allegations set forth in paragraph "111" of the First Amended Complaint.

112. Deny the allegations set forth in paragraph "112" of the First Amended Complaint.

113. Deny the allegations set forth in paragraph "113" of the First Amended Complaint.

114. Deny the allegations set forth in paragraph "114" of the First Amended Complaint.

115. Deny the allegations set forth in paragraph "115" of the First Amended Complaint.

116. Deny the allegations set forth in paragraph "116" of the First Amended Complaint.

117. Deny the allegations set forth in paragraph "117" of the First Amended Complaint.

118. Deny the allegations set forth in paragraph "118" of the First Amended Complaint.

119. Deny the allegations set forth in paragraph "119" of the First Amended Complaint.

120. Deny the allegations set forth in paragraph "120" of the First Amended Complaint.

121. Deny the allegations set forth in paragraph "121" of the First Amended Complaint.

122. The allegations set forth under subsection "DEMAND FOR JURY TRIAL" of the First Amended Complaint are not averments of fact that require a response.

123. The allegations set forth under subsection "DEMAND FOR JUDGMENT" of the First Amended Complaint are not averments of fact that require a response.

## FIRST AFFIRMATIVE DEFENSE

124. The First Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

125. There was probable cause for Plaintiff's arrest, detention, and prosecution.

## THIRD AFFIRMATIVE DEFENSE

126. Defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

**FOURTH AFFIRMATIVE DEFENSE**

127. To the extent that Plaintiff purports to state any claims under state law, such claims may be barred, in whole or in part, for failure to comply with conditions precedent to a lawsuit under New York General Municipal Law Sections 50-(e) and 50-(i).

**FIFTH AFFIRMATIVE DEFENSE**

128. Plaintiff's claims are barred, in part, by the applicable statute of limitations.

**SIXTH AFFIRMATIVE DEFENSE**

129. At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, Defendant City is entitled to governmental immunity from liability.

**SEVENTH AFFIRMATIVE DEFENSE**

130. There was reasonable suspicion, probable cause, and/or exigent circumstances for any alleged stop.

**EIGHTH AFFIRMATIVE DEFENSE**

131. This action is barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

**NINTH AFFIRMATIVE DEFENSE**

132. Certain defendants were not personally involved in the incidents.

**TENTH AFFIRMATIVE DEFENSE**

133. Plaintiff failed to mitigate his alleged damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

134. At all times relevant to the acts alleged in the Amended Complaint, Defendants acted reasonably in the proper and lawful exercise of his discretion.

**TWELFTH AFFIRMATIVE DEFENSE**

135. Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of the Defendants.

**THIRTEENTH AFFIRMATIVE DEFENSE**

136. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress, providing for the protection of civil rights.

**WHEREFORE,** Defendants request judgment dismissing the First Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       July 22, 2022

        **HON. SYLVIA O. HINDS-RADIX**
        Corporation Counsel of the City of New York
          *Attorney for Defendants*
        100 Church Street, Fourth Floor
        New York, New York 10007
        Tel:  (212) 356-2425

By: *Mary K. Sherwood*
     Mary K. Sherwood
     *Assistant Corporation Counsel*
     Special Federal Litigation Division

cc:   All Counsel of Record (via ECF)