

February 13, 2023

Honorable Vera M. Scanlon
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

By Electronic Filing

    **Re:**    *Rayne Valentine v. City of New York, et al.* - 21-CV-4867 (EK) (VMS)

Your Honor:

    I am co-counsel for Plaintiff Rayne Valentine. First, the parties thank the Court for scheduling a settlement conference in this matter, especially so promptly, and so soon. However, for the reasons below, I now write jointly with opposing counsel to request that the Court (1) adjourn that conference, which is scheduled for February 21, 2023, until the week of April 10, 2023 or thereafter; and (2) extend the March 15, 2023 deadline by which Plaintiff must amend the First Amended Complaint until at least one month after the settlement conference. Granting this application would not impact other deadlines in the case.[1] The parties have made no prior applications to adjourn the settlement conference. The Court denied the parties' previous application to adjourn the complaint amendment deadline.

    In light of the Court's scheduling a settlement conference, the parties had a substantial meeting last week to discuss the possibility of settlement. Mr. Valentine has a March 8, 2023 appointment with an expert who will evaluate his scar and write an opinion including information about the cost of plastic surgery on the scar on Mr. Valentine's head. That is the soonest possible date that can work for both the expert and Mr. Valentine. It will likely take at least around a week for the expert to generate a report. The parties are also evaluating and discussing the nature and extent of Mr. Valentine's claimed emotional distress damages, which go beyond what courts sometimes refer to as "garden variety." Plaintiff has requested, but has not yet received, all of the potentially relevant, and most updated, mental health records. For example, despite multiple requests, one important provider has provided some, but not all, of the requested records. I recently issued a subpoena to that provider, which is returnable tomorrow. I am therefore confident the parties will have all of the most recent records very soon. Once the outstanding records are received from the various providers they, along with HIPAA compliant medical releases, will be provided to the defendants.

---

[1] As the current discovery cut off is June 30, 2023, the parties will likely need to move for additional time to complete discovery if there is not a settlement at the conference.



Given the nature of these claimed damages, and their impact on settlement, both sides would benefit from additional time for counsel, and potentially expert consultants and/or experts, to evaluate and discuss the nature and extent of Mr. Valentine's claimed emotional distress damages. If the Court grants the requested extension, the parties intend to make good and efficient use of the time, including by meeting again to have another discussion about settlement among the parties before the rescheduled settlement conference date. The parties therefore jointly ask that the Court move the settlement conference back until the week of April 10, 2023 or thereafter.

The parties also ask that the Court extend the deadline by which Plaintiff must amend the complaint until at least one month after the settlement conference is held (whether that is on February 21, 2023 or another date). By way of background, earlier in the case, the Court ordered Defendants to identify the "Doe" Defendants, including NYPD members who were involved in, or present at, Mr. Valentine's beating. Defendants identified many NYPD members in the area but did not provide documents or information about their potential roles, if any. Plaintiff amended the complaint to name each individually. Any further amendment to the complaint would remove any currently-named individuals whom the parties can establish were definitely not present on the street when Mr. Valentine was beaten or otherwise personally involved in the incident, and add any individuals identified through discovery who either were involved in beating Mr. Valentine or who were present and failed to intervene. Even with the benefit of the additional documents the parties now have, including the NYPD Internal Affairs Bureau ("IAB") and Kings County District Attorney ("KCDA") files, the parties have not definitively identified the NYPD members, aside from Defendant Amjad Kasaji, who interacted with Mr. Valentine just before, at the time of, and just after the beating. In December, Plaintiff served requests for admissions ("RFAs") and interrogatories seeking sworn responses, and document demands seeking other discovery from Defendants, that would, on Plaintiff's view, either rule an individual Defendant out as a proper party, or identify their role(s) such that Plaintiff could use the RFA and interrogatory responses to amend the complaint. Defendants have said they needed additional time to respond and, as it stands, the parties have agreed Defendants need not respond to the RFAs and other discovery requests until after the currently-scheduled settlement conference. If there is no settlement at the conference, Defendants estimate they will need an additional thirty days to respond.[2] The parties therefore jointly request that the Court extend the deadline by which Plaintiff must amend the complaint until at least one month after the settlement conference is held.

All parties and counsel thank Your Honor for the Court's attention to this matter.

Respectfully submitted,

/s/
_____
Elena L. Cohen

---

[2] Plaintiff served each of the twenty (20) individually named defendants with their own set of RFAs. In total, four hundred (400) separate and distinct RFAs were served all of which require a response.