UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

| | |
|---|---|
| RAYNE VALENTINE, | **PLAINTIFF'S FIRST SET OF INTERROGATORIES AND DOCUMENT REQUESTS** |
| Plaintiff, | |
| -against- | 21-cv-04867 (EK)(VMS) |
| THE CITY OF NEW YORK, et al., | |
| Defendants. | |

------------------------------------------------------------------------X

### PLAINTIFF'S FIRST SET OF INTERROGATORIES AND DOCUMENT REQUESTS

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure ("Federal Rules") and Local Rules 26.2 and 26.3 of this Court ("Local Rule" or "Local Rules"), Plaintiff hereby requests that Defendants serve upon the undersigned sworn written answers to each of the interrogatories set forth below and produce for inspection and copying the documents requested below to the attention of Gideon O. Oliver, 277 Broadway, Suite 1501, New York, NY 10007, within 30 days after service hereof.

These interrogatories are continuing. If at any time after service of answers hereto, and prior to the trial of this action, Defendants obtain or become aware of additional information pertaining to any of these interrogatories, the disclosure of which may be required pursuant to Rule 26(e) of the Federal Rules, Defendants shall, within 30 days, and in no event later than five days before trial, serve upon the undersigned supplemental sworn written answers setting forth such additional information.

### INSTRUCTIONS

1. Furnish all information available to you, including information in the possession, custody, or control of your attorneys, accountants, investigators, experts, representatives, or other agents.

2. If you claim any ambiguity, vagueness, or overbreadth in interpreting an interrogatory or any applicable definition or instruction, respond to the portion you deem appropriately specific and broad, and set forth in a part of your written response the specific language you deem to be vague or ambiguous or overbroad.

3. If the answer to all or any part of an interrogatory is not presently known or available, include a statement to that effect and furnish any information currently known or available and a description of the source of information that was once known or available which could have been used to respond to the interrogatory.

4. For each person identified who is a New York City Police Department ("NYPD") employee or agent, set forth separately their true, full and correct name, shield number, title on the date of the Incident, command on the date of the Incident, current command, business and home addresses, telephone numbers, and email address(es).

5. For each person identified who is not an NYPD agent, please provide that person's full name, business and home addresses, telephone numbers, and emails.

6. Produce all documents described, in their entirety, along with any attachments, drafts, and non-identical copies.

7. If any responsive document has been lost, destroyed, or is otherwise unavailable, provide:

    a. The name(s) and title(s) of the person(s) who searched for the document.

    b. A statement of the specific efforts made by that person to locate the document, and the locations searched.

    c. A statement upon actual knowledge, or upon information and belief, concerning what happened to the document, or a statement that the person has no explanation for its non-existence.

    d. The specific expected chain of custody of the document from the time of its creation to its expected storage place. If the specific chain of custody is unknown, provide the customary chain of custody for a document of its type.

    e. If the document was destroyed, the date of destruction, as well as the relevant Retention Schedule, Records Disposition Request, and/or Record Disposal Application concerning the document.

8. If you withhold any document(s) or information by reason of a claim of privilege, state with specificity the information required by Local Civil Rule 26.2. Assertions of privilege made without an appropriately fulsome statement pursuant to Local Civil Rule 26.2 will be considered non-responsive.

9. Pursuant to Fed. R. Civ. P. 33(b), the interrogatories must be answered by the party to whom they are directed (in the case of the City of New York, by any officer or agent of the City of New York); each interrogatory must be answered separately and fully in writing under oath; and the person who makes the answers must sign them.

## **DEFINITIONS**

1. These definitions incorporate by reference the uniform definitions set forth in Local Civil Rule 26.3.

2. "Incident" refers to the Plaintiff's assault on May 31, 2020 and the related events described in the operative complaint in the case (the "Complaint").

3. "City" and "NYPD" are to be construed to include each other, such that a request for the names of certain NYPD employees, *e.g.*, should be construed to include employees of any agency of the City of New York.

4. "Individual Defendants" refers to the individuals named as Defendants in the Complaint (*i.e.,* the non-municipal Defendants).

5. "Protest" refers to the May 31, 2020 protest described in the Complaint.

6. "Personal Knowledge" with respect to a condition, event, or fact is defined as knowledge derived from first-hand observation of or other direct knowledge of the condition, event, or fact.

7. "Personal Knowledge" with respect to the actions or conduct of a particular person is defined as first-hand observation of that person, as distinguished from (a) first-hand observation of a group of persons in or around the person's general vicinity, and (b) information relayed by another member of the NYPD or any other third party.

8. "Investigation" means "[a] police activity undertaken to obtain information or intelligence."

9. The "First Valentine Video" means the video disclosed by Mr. Valentine as P211 in this matter.

10. The "Second Valentine Video" is File "1591400247038_churchandro" bearing Bates Stamp Number DEF01057.

11. The "Third Valentine Video" is File "2020-05-30-6.2186- NE Church Ave & Nostrand Ave Cam 1" bearing Bates Stamp Number DEF01062.

4

12. The "Fourth Valentine Video" is the video referred to in DEF000803 as "20200530233000" and is attached as "VIDEO RETRIEVED FROM CHURCH AVENUE & RODGER DELI."

13. The First Valentine Video, Second Valentine Video, Third Valentine Video, and Fourth Valentine Video are referred to collective as "The Valentine Videos."

## INTERROGATORIES

1. Identify each Doe Defendant named in the Complaint.

2. Identify the "young person in a yellow and black hoodie" referred to in ¶ 35 of the Complaint (*see, e.g.,* DEF000673).

3. Identify within the productions Defendants have made to date the file name of the ARGUS camera footage referred to in DEF000716 and the video referred to in DEF000932-DEF000933.

4. Identify each NYPD member in the First Valentine Video.

5. Identify each NYPD member in the Second Valentine Video.

6. Identify each NYPD member in the Third Valentine Video.

7. Identify each NYPD member in the Fourth Valentine Video.

8. Identify by filename and/or Bates No. within Defendants' production the surveillance video referred to in DEF000627 that captured Defendant Kasaji approach an unidentified male, struggle with him, and perhaps strike him with his baton.

9. For any Individual Defendant who arrived at the Protest in a NYPD vehicle, identify the Individual Defendant, the NYPD vehicle, and the NYPD vehicle operator at the time the vehicle arrived at the Protest.

5

10. Identify each NYPD member assigned to the Detective Borough Brooklyn North who was within 30 feet of Defendant Amjad Kasaji between 11:45pm on May 30, 2020 and 12:15am on May 31, 2020. *See, e.g.,* D000377 (DBBN Violent Crime Squad – Major Case Team 2 document).

11. Identify each NYPD member who was within 30 feet of Defendant Amjad Kasaji near the intersection of Nostrand and Church Avenues in Brooklyn, New York when the events depicted in the First Valentine Video occurred on May 31, 2020.

12. Identify each NYPD member who was within 30 feet of Defendant Dimitri Kalinin when he made an arrest near the intersection of Nostrand and Church Avenues in Brooklyn, New York shortly before the events depicted in the First Valentine Video occurred on May 31, 2020.

13. Identify each NYPD member who touched or used physical force on Rayne Valentine on May 31, 2020.

14. Identify each NYPD member who spoke with or saw Mr. Valentine near the intersection of Nostrand and Church Avenues in Brooklyn, New York with a half hour before or after the events depicted in the First Valentine Video occurred on May 31, 2020.

15. Identify each NYPD member who has Personal Knowledge of Mr. Valentine's conduct on May 31, 2020 in the 15 minutes prior to the events depicted in the First Valentine Video.

16. Identify each person who gave each alleged police order to Plaintiff on May 31, 2020 prior to the events depicted in the First Valentine Video, if Defendants claim any such order was given, including, but not limited to, any order(s) to move, move back, or disperse.

17. Identify by name or by Arrest Number each third-party arrestee whose arrest each Individual Defendant participated in or processed on May 31, 2020.

18. Identify each NYPD member who visited or attempted to visit Mr. Valentine at Kings County Hospital on May 31, 2020.

19. Identify each NYPD member who visited or attempted to visit, or communicated with or attempted to communicate with, Mr. Valentine at his private residence on May 31, 2020.

20. Identify each NYPD member who determined not to recommend or pursue discipline against Defendant Kasaji regarding using force against Mr. Valentine on May 31, 2020.

21. Identify by caption, venue, and docket number each legal proceeding in which an Individual Defendant was alleged to have engaged in abuse of their lawful authority, false swearing, false arrest, malicious prosecution, excessive force, assault, battery, or violation of any federal or state constitutional right or criminal law.

22. Identify each statement each NYPD member has made related to NYPD interactions with Mr. Valentine on May 31, 2020.

23. Identify each person to whom each Individual Defendant has made a statement related to any NYPD interactions with Mr. Valentine on May 31, 2020.

24. For each video produced related to the Protest in which an Individual Defendant appears, identify the portions depicting each Individual Defendant by providing the identifying information for each such video, the name of the Individual Defendant, and timestamp(s) of the footage in which that Individual Defendant appears.

25. Identify each document each Defendant referred to in responding to Plaintiff's December 20, 2022 Requests for Admissions (the "RFA's").