**Gideon Orion Oliver**
—ATTORNEY AT LAW—
He/him/his

277 Broadway, Suite 1501
New York, NY 10007

1825 Foster Avenue, Suite 1K
Brooklyn, NY 11230

Gideon@GideonLaw.com*
GideonLaw.com

**Office**: (718) 783-3682
**Signal**: (646) 263-3495
**Fax**: (646) 349-2914*

*Not for service*

May 26, 2023

**BY ECF**
Hon. Vera M. Scanlon
United States Magistrate Judge
United States District Court
Eastern District of New York

  Re: *Rayne Valentine v. City of New York, et al.*, 21-CV-4867 (EK) (VMS)

Your Honor:

  I am co-counsel for Plaintiff. I write asking that the Court either enter an order recognizing that the June 3, 2023 statute of limitations that would otherwise be applicable to some of Plaintiffs' federal claims has been tolled until November 5, 2023, or enter a tolling order to that effect. The parties met and conferred about this issue by phone on May 23, 2023 and are nevertheless at an impasse on this issue. Defendants will oppose this application.

  Section 1983 generally picks up the state's generally applicable tort statute. *See Owens v. Okure*, 488 U.S. 235, 249-50 (1989); CPLR 214(5). Additionally, "the Supreme Court has instructed that in section 1983 actions, we borrow not only a state's limitations period but also its tolling rules, unless applying the state's tolling rules would defeat the goals of the federal statute at issue." *Bell v Saunders*, 2022 US Dist LEXIS 101994, at *9 (NDNY June 8, 2022) (cleaned up), quoting *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2nd Cir. 2002). Applying those principles, ordinarily, the statute of limitations for Plaintiffs' federal claims brought pursuant to § 1983 in New York arising from causes of action that accrued on May 31, 2020 would run on May 31, 2023. However, in 2020, then-Governor Andrew Cuomo enacted a toll between March and November of 2020 to account for the effect COVID-19. "On March 7, 2020, New York State Governor Andrew Cuomo issued Executive Order 202, declaring a disaster emergency for the State of New York due to the COVID-19 pandemic." *Bell*, at *8, *citing* 9 N.Y.C.R.R. § 8.202. Quickly thereafter, he issued an order stating "any specific time limit" on an action "is hereby tolled from the date of this executive order until April 19, 2020." *Id.* Governor Cuomo subsequently extended that toll — in orders at 9 N.Y.C.R.R. §§ 8.202.14, 8.202.28, 8.202.38, 8.202.48, 8.202.55, 8.202.55.1, 8.202.60, 8.202.63, 8.202.67 — until November 4, 2020. *Id., citing* § 8.202.72.

  As *Bell* observes – so far, at least – "courts 'have uniformly concluded that Executive Order 202.8 applies to federal cases applying New York's statute of limitations, including for §1983 claims." *Bell*, at *9-10, quoting *Rich v. State of New York*, 2022 US Dist. LEXIS 60779, at *20 (SDNY Mar. 31, 2022); *McDonald v City of NY*, 2022 US Dist LEXIS 84310, at *5-10 (EDNY May 10, 2022) (citing and collecting cases); *see also D.S.R. v NY City Dept. of Educ.*, 2023 US Dist LEXIS 25123, at *10 (SDNY Feb. 14, 2023) (citing and collecting cases). However, absent binding authority from the Second Circuit, Plaintiff cannot rely on those decisions.

On May 18, 2023, in response to motions for tolling orders Plaintiff's counsel filed on behalf of other parties in other cases, after considering *Bell,* counsel from the Law Department stipulated that, "for substantially the reasons explained in" *Bell*, the statute of limitations was tolled until November 5, 2023, and the Court subsequently "so ordered" the stipulation. An example is attached as Exhibit 1. On May 19, 2023, Plaintiff's counsel wrote defense counsel, citing *Bell* as "authority that the COVID-19 toll between March and November of 2020 is applicable to the 1983 claims in play here," noting the recent "precedent in state court cases where the City has stipulated that the statute of limitations is tolled according to the COVID toll, and the Court's so ordering the stipulation," and requesting a meet and confer on the tolling issue. The parties had that meet and confer on May 23, 2023. Plaintiff asked that Defendants enter into a similar stipulation and jointly propose that the Court "so order" it. Defendants did not agree.

Of course, Plaintiff's position is that the toll applies, and Plaintiff has until November 5, 2023 to identify the Does through discovery, and amend the pleadings to name them. However, because Defendants will not agree with that position in a stipulation, and jointly propose that the Court endorse their agreement, along the lines of Exhibit 1, Plaintiff now ask the Court to either rule that the Executive Order toll applies to the statute of limitations related to Plaintiff's federal claims in this matter such that the statute of limitations does not run until November 5, 2023.

If the Court does not find that the Executive Order toll applies as a matter of law, Plaintiff asks the Court to enter an equitable tolling order. "The doctrine of equitable tolling allows a court to toll a statute of limitations when a claimant can demonstrate that they have pursued their rights diligently and that some extraordinary circumstance stood in the way of timely asserting their rights." *Chen-Oster v Goldman, Sachs & Co.*, 2021 US Dist LEXIS 212872, at *18 (SDNY Nov. 3, 2021), citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418, (2005). "Whether equitable tolling applies is determined 'on a case-by-case basis to prevent inequity'" and "is sometimes necessary as a matter of fairness." *Id.,* quoting *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir.), *cert. denied*, 531 U.S. 968, 121 S. Ct. 404 (2000) and *Phillips v. Generations Family Health Center*, 723 F.3d 144, 150 (2d Cir. 2013) (alterations omitted).

Here, Plaintiff has pursued his rights diligently, yet extraordinary circumstances have stood in the way of his identifying the Doe Defendants and naming them individually in the litigation. The docket reflects Plaintiffs's diligent pursuit of identifying the Doe Defendants, including in ECF 55, which summarizes the relevant facts and quotes the relevant docket entries. Plaintiff respectfully incorporates those facts by reference and relies on them herein, both as to his diligent pursuit of his rights, and the extraordinary circumstances that have prevented him from identifying the Doe Defendants. Beyond that, some of the extraordinary circumstances that have prevented Plaintiff from identifying and naming the Doe Defendants to date include the "Investigative Challenges" identified by the CCRB in connection with its investigations into complaints arising from the same summer 2020 protests at issue here. An excerpt of the CCRB's final "June 2020 Protests" report is attached as Exhibit 2.[1] The CCRB summarized those challenges as follows:

> The CCRB faced several challenges investigating protest-related complaints, many of which led to complaints being closed as "Officer Unidentified" because the CCRB could not determine which officers were involved in the alleged misconduct. Chief among these

---

[1] The complete report is available online at https://www.nyc.gov/assets/ccrb/downloads/pdf/policy_pdf/issue_based/2020NYCProtestReport.pdf as of May 26, 2023.

challenges were: (1) the actions NYPD members took to conceal their identities, which prevented them from being identified by complainants, victims, and witnesses; (2) the NYPD's failure to track and document where officers, vehicles, and equipment were deployed; (3) the NYPD's failure to provide dispositive responses to requests for footage from BWCs and other NYPD-controlled cameras that resulted in delayed responses, false positives, false negatives, and inconsistent responses; and (4) investigative delays resulting from officers refusing to be interviewed remotely. Despite these challenges, CCRB investigators pursued every available avenue to obtain evidence and identify as many officers as possible.

*See* Exhibit 2 at p. 12.

Against that backdrop, if the Court does not issue an order recognizing that the Executive Order toll applies in this matter, Plaintiff asks that the Court issue an order equitably tolling the statute of limitations until Plaintiff can identify the Doe Defendants through discovery.

Finally, if it would be helpful to the Court to have a more fulsome record on either prong of the equitable tolling question, Plaintiff requests the opportunity to supplement this application, either through further submissions, at a hearing, at oral argument, or otherwise.

Plaintiff thanks Your Honor for the Court's attention to these matters.

Respectfully submitted,

Gideon Orion Oliver