

| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | **THE CITY OF NEW YORK**<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK , NEW YORK 10007 | **MARY K. SHERWOOD**<br>*Assistant Corporation Counsel*<br>msherwoo@law.nyc.gov<br>Phone: (212) 356-2425<br>Fax: (212) 356-1148 |
|---|---|---|

June 6, 2023

**VIA ECF**
Honorable Vera M. Scanlon
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: <u>Valentine v. City of New York et al.</u>, 21-CV-4867 (EK) (VMS)

Your Honor:

  Defendants write in response to plaintiff's motion for an order tolling the statute of limitations, either under the COVID toll or otherwise, until November 5, 2023. (Dkt. No. 58). Because plaintiff's request is premature, defendants respectfully request that the Court reserve its ruling until plaintiff actually seeks to amend the complaint.[1]

  The issue of whether tolling applies in these matters is not ripe for adjudication. Put simply, Plaintiff is seeking an order from the Court extending the statute of limitations by 153 days—approximately five months—with the hope that they will be able to amend their complaint at some future time when there is no indication at this point that they will be able to do so. Instead, resolution of this issue would be more appropriate if and when plaintiff *actually* intends to amend the complaint. See <u>Arciello v. Cty of Nassau</u>, No. 2:16-cv-3974 (ADS) (SIL), 2019 U.S. Dist. LEXIS 161167 at *26-27 (S.D.N.Y. Sept. 20, 2019) (holding that a motion for equitable tolling was not ripe since plaintiff would only have to seek equitable tolling if the pending motion to strike, which had not yet been decided, was granted). Therefore, defendants respectfully request that the Court reserve its ruling until such time as plaintiff seeks leave to file an amended complaint.

---

[1] As an aside, the COVID toll does not apply here. While some courts in this circuit have applied the COVID toll, the Second Circuit has yet to rule on this issue and as such, this Court is not bound by those decisions. The cases cited to by plaintiff in support of their position that the COVID toll applies—<u>Bell v. Saunders</u>, <u>D.S.R. v. N.Y. City Dept. of Educ.</u>, and <u>McDonald v. City of New York</u>—are distinguishable. In those cases, tolling was applied in response to motions to dismiss after plaintiff's amended or attempted to amend the complaint.

  At this point, it is unclear if plaintiff would be prepared to amend the complaint by November 5, 2023. While plaintiff summarily argues that he acted diligently by filing this action, signaling to plaintiff's opposition to defendants' protective order, *i.e.* Docket No. 55, he has worked on this case since approximately the date of the incident and has done little—if any—work to pursue the identities of the John Does.[2] For example, it is defendants who provided plaintiff with video of the location of incident at the time of incident but plaintiff has yet to provide any screenshots, descriptions, or otherwise of the John Does. Plaintiff only has named the people that were specifically named by Defendants to have been at the location of the incident but had not named any extra efforts taken to identify the alleged individuals. As stated in defendants' motion for a protective order, *pro se* plaintiffs are entitled only to "reasonable assistance in investigating the identity of a John Doe." (Dkt. No. 53, citing <u>Valentin v. Dinkins</u>, 121 F.3d 72, 75 (2d Cir. 1983)). At this juncture, Plaintiff has demonstrated that they are not willing to take any steps identify without the complete assistance of defense counsel.

  Accordingly, for the reasons stated herein, defendants respectfully request that the Court reserve its ruling until plaintiff actually seeks to amend the complaint.

Respectfully submitted,

*Mary K. Sherwood*

Mary K. Sherwood
*Assistant Corporation Counsel*
Special Federal Litigation Division

Cc: All Counsel of Record (via ECF)

---

[2] It is also for this reason that the Court should also decline to apply equitable tolling since plaintiff has failed to demonstrate that they have acted with reasonable diligence and/or encountered an extraordinary circumstance warranting such tolling.