UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

| | | |
|---|---|---|
| RAYNE VALENTINE, | : | |
| | : | |
| Plaintiff, | : | **ORDER** |
| | : | |
| -against- | : | |
| | : | 21 Civ. 4867 (EK) (VMS) |
| THE CITY OF NEW YORK; MAYOR BILL DE | : | |
| BLASIO; NEW YORK CITY POLICE | : | |
| DEPARTMENT ("NYPD") COMISSIONER | : | |
| DERMOT SHEA; NYPD OFFICER DIMITRI | : | |
| KALININ, SHIELD NUMBER 27547; NYPD | : | |
| OFFICER MICHAEL LICATA, SHIELD | : | |
| NUMBER 27684; NYPD OFFICER ALNALDO | : | |
| RODRIGUEZ, SHIELD NUMBER 27536; NYPD | : | |
| OFFICER DOUGLAS SHEEHAN, SHIELD | : | |
| NUMBER 26759; NYPD OFFICER ARTHUR | : | |
| VANZILEN, SHIELD NUMBER 29090; NYPD | : | |
| OFFICER JOHN VARGAS, SHIELD NUMBER | : | |
| 16643; NYPD OFFICER NASIMDZHON | : | |
| MELIKOV, TAX REGISTRY NUMBER 964164; | : | |
| NYPD OFFICER STEVEN ZANCA, SHIELD | : | |
| NUMBER 4377; NYPD SERGEANT ROBERT | : | |
| BELLANTONIO, TAX REGISTRY NUMBER | : | |
| 948651; NYPD SERGEANT MATTHEW | : | |
| JOZWICKI, SHIELD NUMBER 04905; NYPD | : | |
| SERGEANT BILL MORRISSEY; NYPD | : | |
| DETECTIVE GABRIEL ECHEVARRIA, | : | |
| SHIELD NUMBER 6488; NYPD DETECTIVE | : | |
| RAYMOND GORDON, SHIELD NUMBER | : | |
| 4592; NYPD DETECTIVE JOHN HOLLAND, | : | |
| SHIELD NUMBER 4102; NYPD DETECTIVE | : | |
| AMJAD KASAJI, SHIELD NUMBER 6901; | : | |
| NYPD DETECTIVE WARREN ROHAN, | : | |
| SHIELD NUMBER 2378; NYPD DETECTIVE | : | |
| MICHAEL SCOLOVENO, SHIELD NUMBER | : | |
| 5901; NYPD DETECTIVE ANIBAL TORRES, | : | |
| SHIELD NUMBER 2123; and NYPD MEMBERS | : | |
| JOHN DOES 1-11, | : | |
| | : | |
| Defendants. | : | |

------------------------------------------------------------ x

1

**Vera M. Scanlon, United States Magistrate Judge:**

Defendants move for the issuance of "a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure relieving them of the Court's Order dated March 6, 2023." ECF No. 53 at 1.  Plaintiff opposed the motion.  See ECF No. 55.  Defendants conflate a motion for reconsideration pursuant to Local Civil Rule 6.3, through which they may seek relief in relation to the March 6, 2023 Order, with a motion for a protective order pursuant to Federal Rule of Civil Procedure 26(c), through which they may seek relief in relation to discovery requests propounded by Plaintiff.  The Court considers Defendants' motion pursuant to both standards, and, for the reasons, set forth below, Defendants' motion is denied.

## I.      DEFENDANTS' MOTION FOR RECONSIDERATION OF THE COURT'S MARCH 6, 2023 ORDER IS DENIED.

To the extent that Defendants seek reconsideration of the March 6, 2023 Order, pursuant to Local Civil Rule 6.3, their motion is denied.

Local Civil Rule 6.3 provides, in pertinent part, that

> a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment.[1]  There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked.

A motion for reconsideration is "properly granted if there is a showing if an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or to prevent a manifest injustice."  Grief v. Nassau Cty, No. 15 Civ. 7240 (ADS) (AYS), 2016 WL 5940894, at *1 (E.D.N.Y. Oct. 13, 2016) (citation & quotations omitted) (considering a motion

---

[1] The motion is timely, as it was filed on March 20, 2023, see ECF No. 53, and seeks relief from the March 6, 2023 Order, see 3/6/2023 Order.

for reconsideration of an order on the parties' cross-motions for a confidentiality order),

objections overruled, 246 F. Supp. 3d 560 (E.D.N.Y. 2017).  Because of the need "to ensure

finality in decisions, discourage repetitive arguments and . . . prevent a losing party from

regarguing a decision after examination in an attempt to correct prior inadequacies," on a motion

for reconsideration, "[t]he burden on the movant is high."  Id. (citations omitted).  The movant is

not permitted to "advance new facts, issues or arguments not previously presented to the Court."

Id. (citation & quotations omitted).

The Court's March 6, 2023 Order required Defendants to "provide the relevant

discovery" by March 23, 2023.  3/6/2023 Order.[2]  This Order arose from a joint letter filed by

---

[2] Discovery from Defendants as to the identities of the "Doe" Defendants was the subject of multiple prior Orders as well.  See 12/29/2021 Order (referencing "Plaintiff's need to timely identify Doe parties for complaint amendment within the relevant limitations period" and argument as to "Defendant City of New York['s] . . . privileges claimed with respect to the information it has declined to produce," including such identities); 1/28/2022 Order 1 (reasoning that, "to the extent Corporation Counsel has alleged that discrete IAB records may be privileged (which the Court does not determine at this time), this does not explain why discovery of non-privileged and purely factual information should not take place," including as to "Corporation Counsel's obligation to produce Doe and other purely factual discovery," and noting that, "[e]ven assuming arguendo that certain IAB records may be privileged, Corporation Counsel has declined the Court's invitation to supplement its conclusory assertion of such privilege over particular documents or information with factual and legal briefing with the requisite specificity to meet its burden at this stage"); 1/28/2022 Order 2 (directing "City Defendant . . . to make a supplemental production of information sufficient to identify the Doe Defendants on or before **1/31/2022 at noon**," reasoning that "[t]he Office of the Corporation Counsel has had ample time to locate and provide the necessary information to identify the Doe Defendants" and that "its submissions do not sufficiently explain the delay or need for additional time," and recounting that "the Court discussed the identification of the Doe Defendants with counsel" as early as the October 21, 2021 initial conference, at which "Corporation Counsel stated that 'I am working diligently to get all of this information with the thought that I would be able to supply the John Doe information as soon as possible'"); 6/2/2022 Order (directing that, "[p]rior to the [8/9/2022] conference, counsel will work together to review the materials produced by the IAB, the anticipated production of District Attorney's Office file, and the videos produced to identify the personally involved Defendants, and possibly dismiss Defendants not involved in the events alleged by Plaintiff").

Plaintiff and Defendants that discussed, as relevant here, the failure to identify the "Doe" Defendants through discovery. See ECF No. 51 at 2.

Defendants do not frame their motion as one for reconsideration, but their motion seeking relief from the March 6, 2023 Order is tantamount to a motion for reconsideration. Defendants, however, have failed to demonstrate the applicability of any of the three circumstances in which reconsideration is properly granted. First, Defendants have not demonstrated an intervening change in controlling law; the decisions in the three cases cited by defendants are from 1983, 2015, and 2019, issued before this case was even filed. See ECF No. 53 at 2. Defendants have not raised the availability of new evidence as a ground for reconsideration here. See ECF No. 53. Defendants have not argued that the March 6, 2023 Order was entered in clear error or that reconsidering it is necessary to correct a manifest injustice. Accordingly, Defendants' motion for reconsideration of the March 6, 2023 Order is denied.

## II. DEFENDANTS' MOTION FOR ENTRY OF A PROTECTIVE ORDER IN RELATION TO THE DISCOVERY REQUESTS PROPOUNDED BY PLAINTIFF IS DENIED.

To the extent that Defendants seek entry of a protective order in relation to the discovery requests propounded by Plaintiff, pursuant to Federal Rule of Civil Procedure 26(c), their motion is denied.

Federal Rule of Civil Procedure 26(c) provides, in pertinent part:

(1) In General. A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending -- or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

(A) forbidding the disclosure or discovery;
(B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;
(C) prescribing a discovery method other than the one selected by the party seeking discovery;
(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
(E) designating the persons who may be present while the discovery is conducted;
(F) requiring that a deposition be sealed and opened only on court order;
(G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and
(H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.
(2) Ordering Discovery.  If a motion for a protective order is wholly or partly denied, the court may, on just terms, order that any party or person provide or permit discovery.

Pursuant to Federal Rule of Civil Procedure 26(c), courts "may issue protective orders for good cause . . . to protect a party or person from annoyance, embarrassment, oppression, or undue burden expense," including by "limit[ing] the frequency or extent of discovery if it determines that the burden or expense of the proposed discovery outweighs its likely benefit"; however, "objections based on facile claims of undue burden, overbreadth, and lack of relevancy do not take account of these principles."  Outlaw v. City of Hartford, 884 F.3d 351, 380 (2d Cir. 2018) (citations & quotations omitted).

Defendants do not frame their motion as one seeking a protective order in relation to Plaintiff's discovery requests, but their motion could be construed as such.  The reasoning for the Court's denial of the motion on this basis is twofold: Defendants have failed to show good cause in support of the entry of a protective order, and Defendants have provided the Court with insufficient information regarding the discovery requests as to which relief is sought.

**A.**     **Defendants Have Failed To Show Good Cause In Support Of The Entry Of A Protective Order.**

First, as a purported showing of good cause in support of the entry of a protective order, Defendants argue that the attempts to identify the "Doe" Defendants have "already been exhausted by the Kings County District Attorney's Office . . . , the Civilian Complaint Review Board . . . , and the Internal Affairs Bureau" such that "[a]ny further investigation by a fourth entity would be burdensome, futile, and involves a risk of erroneous information being provided." ECF No. 53 at 1.

As to the alleged undue burden, Defendants claim, without citation, that Plaintiff is "entitled only to reasonable <u>assistance</u> [from defense counsel] in investigating the identity of a John Doe" and that the investigation undertaken "by the DA's Office, the CCRB, and the IAB goes way beyond reasonable assistance to the represented party." <u>Id.</u> at 2. Defendants misconstrue their discovery obligations. They are not "assisting" Plaintiff, but rather, producing information and evidence in their possession consistent with the Federal Rules of Civil Procedure, including proportionality principles. Defendants further conclusorily assert that responding to Plaintiff's requests for admission would necessitate the expenditure of a "substantial amount of resources." <u>Id.</u> at 3. Without authority supporting the legal proposition advanced by Defendants or further information as to their anticipated burden, the Court does not accept Defendants' conclusory assertions.

As to futility, Defendants cite <u>Valentin v. Dinkins</u>, 121 F.3d 72, 75 (2d Cir. 1983), quoting <u>Gillespie v. Civiletti</u>, 629 F.2d 637, 642 (9th Cir. 1980), for the proposition that "[P]laintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities." ECF No. 53 at 2. Defendants misread <u>Valentin</u>. The Court of Appeals for the Second Circuit first cited <u>Billman v.</u>

6

Indiana Dep't of Corrections, 56 F.3d 785, 789 (7th Cir. 1995) (quotations omitted), for the

proposition that a "plaintiff's initial inability to identify the injurers is not by itself a proper

ground for the dismissal of the suit, as this would gratuitously prevent [plaintiff] from using the

tools of pretrial discovery to discover the defendants' identity," and Maclin v. Paulson, 627 F.2d

83, 87 (7th Cir. 1980) (quotations omitted), for the proposition that, "when a party is ignorant of

defendants' true identity, it is unnecessary to name them until their identity can be learned

through discovery or through the aid of the trial court." Valentin, 121 F.3d at 75.  The Valentin

Court then concluded that "the Seventh Circuit expressed the preferable view."  Id. (citation &

quotations omitted).  Defendants' futility argument is based on a misreading of applicable law.

Defendants have failed to show that further investigation would not yield the Doe identities, or in

other words, be futile.

As to the erroneous risk of false identification, Defendants contend that, "by responding

to Plaintiff's RFAs, defendants add a layer of fuzziness and interpretation as they seek to both

interpret Plaintiff's vague RFAs and the investigative documents" and that "the risk of false

identification is much lower . . . if Plaintiff simply reviews the same documents that defendants

would be interpreting for their responses to Plaintiff's RFAs."  ECF No. 53 at 3.  If Defendants

view Plaintiff's requests for admission as impermissibly vague, they can interpose appropriate

objections in their responses.  See Fed. R. Civ. P. 36(a)(5).

Defendants have failed to meet their burden of showing good cause for the entry of the

requested protective order.

**B.      Defendants Have Provided The Court With Insufficient Information Regarding The Discovery Requests As To Which Relief Is Sought.**

Second, Defendants fail to sufficiently identify the discovery requests as to which relief is

sought to enable the Court to weigh whether the burden of responding to the requests outweighs

its benefit. Defendants refer to "sixty (360) Requests for Admission . . . – all of which request defendants to identify John Does for Plaintiff – and 26 interrogatories – many of which request defendants to identify John Does for Plaintiff" and then cite all requests for admission and interrogatories 1, 2, 4, 5, 6, 7, 10, 11, 12, 13, 14, 15, 18, 19, 25, and 26 as those that concern "the identification of particular officers." Id. at 1-2. Defendants fail to attach copies of those discovery requests or to quote the language of those discovery requests, and, as such, the Court is unable to assess whether Defendants' complaints are justified.[3]

### III.    CONCLUSION

Defendants' motion for reconsideration or for a protective order is denied. Defendants are to comply with the March 6, 2023 Order, and are to respond to Plaintiff's outstanding discovery requests, within fourteen days of the date of this Order, and Plaintiff is to file a second amended complaint on or before July 5, 2023.[4]

Dated: Brooklyn, New York
          June 14, 2023

_Vera M. Scanlon_
_____
                    VERA M. SCANLON
                    United States Magistrate Judge

---

[3] Plaintiff attaches "Plaintiff's First Set of Requests for Admission to the Individual Defendants," see ECF No. 55-1, and "Plaintiff's First Set of Interrogatories and Document Requests," see ECF No. 55-2, to his opposition. The former contains twenty requests for admission, and the latter contains twenty-five interrogatories, the numbers as to both of which are inconsistent with those cited by Defendants, see ECF No. 53 at 1 (referring to sixty or 360 requests for admission and twenty-six interrogatories). The Court will not infer that these are the discovery requests to which Defendants refer.

[4] As to Defendants' responses to Plaintiff's outstanding discovery requests, the motion for an extension of time is granted nunc pro tunc. See ECF No. 54. As to Plaintiff's filing of a second amended complaint under the Court's Scheduling Order only, the motion for an extension of time is granted. See id. This amendment to the filing date is not a decision on any statute of limitations, tolling, or related issue. See, e.g., ECF Nos. 58, 59, 60.