**Gideon Orion Oliver**
—ATTORNEY AT LAW—
He/him/his

277 Broadway, Suite 1501
New York, NY 10007

1825 Foster Avenue, Suite 1K
Brooklyn, NY 11230

Gideon@GideonLaw.com*
GideonLaw.com

**Office**: (718) 783-3682
**Signal**: (646) 263-3495
**Fax**: (646) 349-2914*

*Not for service*

June 30, 2023

**BY ECF**

Hon. Vera M. Scanlon - United States Magistrate Judge
United States District Court - Eastern District of New York

    Re:    <u>Rayne Valentine v. City of New York, et al.</u>, 21-CV-4867 (EK) (VMS)

Your Honor:

I am co-counsel for Plaintiff Rayne Valentine in the above-captioned matter. I write (1) in opposition to Defendants' untimely June 29, 2023 application (ECF 65) seeking a stay of this Court's June 14, 2023 Order (the "Order," ECF 62) directing Defendants to respond to certain requests for admissions (the "RFA's"), interrogatories, and document demands (collectively, the "Relevant Responses") within 14 days of the Order, or by June 28, 2023 – which they did not do; (2) seeking an extension of the July 5, 2023 deadline set in the Order by which Plaintiff must amend the operative pleading in light of Defendants' failure to provide the Relevant Responses in compliance with the Order by June 28, 2023; and (3) seeking sanctions related to Defendants' failures to comply with the Order by providing the Relevant Responses, or make a timely application for a stay of the Order, or communicate about the situation with respect to the Relevant Responses, or their proposed application, in a timely manner.

## 1. The Court should deny Defendants' untimely stay application (ECF 65).

The only argument Defendants make in support of their application is that they filed (also untimely) Rule 72 objections (ECF 64) yesterday (June 29, 2023). The Court should deny Defendants' conclusory application for a stay (1) as untimely, (2) because defense counsel did not communicate with Plaintiff's counsel about the proposed stay application in advance, and (3) on the merits, including in light of the prejudice caused by Defendants' failure to provide the Relevant Responses on June 28, 2023.

First, Defendants' stay application is untimely. The parties received service of the Order on June 14, 2023, when it was posted to the electronic docket at ECF 62. The Order required Defendants to provide the Relevant Responses "within fourteen days of the date of this Order" (Order p. 8), which was June 14, 2023. Counting June 15, 2023 as the first day (*see* Fed.R.Civ.P. 6(a)(1)), 14 days after June 14, 2023 ran on June 28, 2023 – the day before Defendants filed anything.[1]

Second, Defendants made their 13th-hour, surprise application to stay the Order without communicating with Plaintiff's counsel about the application or the underlying situation before making the application at all, let alone making a good faith effort to resolve it before bringing the application to the Court, in compliance with Section III(b) of this Court's Individual Rules of Practice as well as the Federal and Local Civil Rules.

---

[1] Even had Defendants made their stay application on June 28, 2023, that would not have relieved them of their obligation to comply with the Order, as "a pending motion for a stay does not constitute a stay." *Green Mt. Holdings (Cayman) Ltd. v Precision Pro Contr. Servs., LLC*, 2022 US Dist LEXIS 220949, at *5 (EDNY Dec. 7, 2022). So even assuming good faith in missing the deadline, the timing of the motion reflects a decision by counsel to take the stay instead of asking for it.

Relatedly, the content of the Rule 72 objections themselves (ECF 64), coupled with defense counsel's Monday, June 26, 2023 request that Plaintiff's counsel provide defense counsel with a complete copy of the discovery Defendants had previously provided to date (described below), and defense counsel's June 14, 2023 statement to the Court that defense counsel would be away from June 16-23, 2023 (ECF 61), suggest, if not demonstrate, that, despite the June 14, 2023 Order, Defendants did not put in the work that would have been necessary to provide timely responses by (or near) June 28, 2023, including, perhaps most importantly, talking with Defendants so that they could provide verified, written answers to the RFA's and interrogatories in question, after ensuring they had access to the relevant discovery exchanged to date to refresh their recollection and assist them in providing full and accurate responses. So, not only is Defendants' application for a stay untimely -- Defendants also knew they needed to make the application, well in advance of June 28, 2023, the due date for the Relevant Responses, and June 29, 2023, the date of their belated stay application, yet they neither did so, nor timely communicated with Plaintiff's counsel about the situation or proposed application.

Third, the Court should deny Defendants' stay application on the merits. Typically, in ruling on such applications, courts consider "whether Defendant has made a strong showing that it is likely to succeed in its appeal […], whether Defendant will be irreparably injured absent a stay, whether issuance of the stay will substantially injure other parties interested in the proceeding, and where the public interest lies." *United States v 111 E. 88th Partners*, 2018 US Dist LEXIS 167775, at *2 (SDNY Sep. 27, 2018); *accord*, *In re Terrorist Attacks on September 11, 2001*, 2023 US Dist LEXIS 6092, at *2 (SDNY Jan. 12, 2023). In considering those factors here, the Court should keep in mind that it was Defendants who identified the many NYPD members who are currently named as individual Defendants in purported compliance with orders from this Court directing them to identify the Doe Defendants. As the record demonstrates, the need to pursue the Relevant Responses, in the manner Plaintiff has pursued them, including so that Plaintiff can exclude currently-named Defendants from the next amended pleading, if possible, is one Defendants themselves have created.

On the first factor in the stay analysis - whether Defendants have made a strong showing of likelihood to succeed in their Rule 72 appeal - Defendants have not made any arguments related to, nor made a showing of, likelihood of success on the merits of their objections. Like Defendants' application for a stay, Defendants' Rule 72 objections are untimely because they were not filed within 14 days of the Order. *See, e.g., Samantha Siva Kumaran v Vision Fin. Mkts., LLC,* 2022 US Dist LEXIS 104283, at *4 (SDNY June 10, 2022); *see also, e.g.,* Fed. R. Civ. P. 72(a) Advisory Committee Notes to 1991 Amendment ("This amendment is . . . intended to assure that objections to [a] magistrate's orders that are not timely made shall not be considered."). Setting aside their untimeliness, the objections themselves almost exclusively parrot the arguments Your Honor rejected in the Order (*compare* ECF 53 and 64), not to mention elsewhere. *See* Jun. 7, 2023 Minute Order*, Payamps v. City of New York*, 22-cv-00563. Defendants – who have not even made any arguments on this point in support of their stay – have not made a strong showing that they are likely to succeed in their appeal. *For more*, see Letter, *Payamps* ECF 56.

On the second factor in the stay analysis – whether Defendant will be irreparably injured absent a stay – Defendants have likewise not made any arguments, let alone the requisite showing, that Defendants will be harmed unless a stay issues. Significantly on this point, the need to provide certain discovery does not, in and of itself, rise to the level of irreparable harm.

On the third factor – whether issuance of the stay will substantially injure other parties interested in the proceeding - Defendants' decisions not to provide the Relevant Responses, but rather to file their

untimely objections and stay application, without communicating with Plaintiff's counsel in advance, have caused prejudice for both Plaintiff and Plaintiff's counsel. A stay would exacerbate that prejudice. For example, as Plaintiff has previously argued, and this Court has previously recognized, Plaintiff has strong interests both in advancing the litigation, and in identifying, naming, and pursuing litigation against the proper parties, including the as-yet-unidentified Doe Defendants, and in *not* pursuing litigation against currently-named Defendants if they were *not* personally involved. *See, e.g.,* ECF 19 p. 5 ("Mr. Valentine has a strong private interest in proceeding expeditiously with his civil suit, and further delay will prejudice him. Plaintiffs like Mr. Valentine generally have 'a legitimate interest in the expeditious resolution of [their] civil case.' *Jackson v. Johnson*, 985 F.Supp. 422, 425 (SDNY 1997)"); ECF 23-27; 1/28/22 and 3/6/23 Order ("It is not reasonable to delay the identification of the Doe Defendants and the removal of improperly named Defendants …. Any settlement should be directed at Defendants who arguably had something to do with the alleged wrongdoing").

Until yesterday (Thursday, June 29) afternoon, Plaintiff and Plaintiff's counsel expected the Relevant Responses on Wednesday. On Monday, June 26, 2023, opposing counsel e-mailed to request that Plaintiff re-produce to them all of the documents that Defendants had previously produced in the litigation. At around 9:00am on June 28, 2023, after significant work to organize and make those documents available, we responded by providing them to opposing counsel. Although Plaintiff's counsel and defense counsel were in communication between June 26-28, 2023 about the case, Defendants made no mention of any proposed stay application, Rule 72 objections, or that anything other than their providing the Relevant Responses on June 28, 2023 would happen. Expecting the Relevant Responses on June 28, 2023, particularly in light of the upcoming July 4th holiday weekend, co-counsel, staff, and I reserved significant time yesterday, June 29, 2023, and over the course of the next few days, to use the Relevant Responses to amend the pleadings in order to meet the July 5, 2023 deadline.

When the Relevant Responses had not come by 1:00am in the early morning of June 29, 2023, I scheduled an e-mail to go to opposing counsel at 9:00am, asking about what I then hoped was an oversight and stating, in pertinent part: "I'm writing to follow up on the RFA and interrogatory and discovery responses that were due [June 28] under ECF 62. Please confirm we will have complete responses today. As you know, we need them to amend the complaint by the 7/5/23 deadline. Please call if you'd like to discuss." Despite a lengthy round of follow-up, counsel still has provided no explanation for Defendants' failures to file a timely stay application, or for their stated position that their stay application (and objections) are timely.[2] Not receiving the Relevant Responses – or any

---

[2] Specifically, I followed up with a message on opposing counsel's cell phone at around 11:00am. A little after noon, opposing counsel responded: "They are due today if you compute time under Rule 6 of the FRCP but we'll be filing an objection later today." At around 2:30pm, I responded by e-mail, in pertinent part, expressing surprise to learn Defendants would be filing objections rather than providing the Relevant Responses, citing prejudice in light of the July 5, 2023 deadline, and informing Defendants of Plaintiff's view that Defendants have violated the Order and that Rule 72 objections would be untimely, as well as reserving our rights "to ask for appropriate relief, including, but not limited to, in the form of sanctions." Finally, in pertinent part, we asked that defense counsel "explain" their belief that "Rule 6 gives Defendants 14 days to file Rule 72 objections to the 6/14 order." At around 7:30pm, defense counsel responded: "Defendants are not in violation of Magistrate Judge Scanlon's 6/14 Order, nor are defendants' Rule 72 objections untimely. The plain language of Rule 72 allows a party to serve and file objections to an order within 14 days after being served with a copy of such order. Furthermore, Rule 6 states that "When the period is stated in days or a longer unit of time: exclude the day of the event that triggers the period…" Accordingly, any motion for sanctions would be made in bad faith." Within a few minutes, Plaintiff's counsel replied: "The order came out 6/14 and directed a response within 14 days. The provision of Rule 6 you are citing to excludes 6/14 from the 14-day calculation. Counting 6/15 as the 1st day, the 14th day was yesterday – the day the RFA and discovery responses, and any Rule 72 objections, were due. We are happy to consider any arguments, or look at any authority,

3

communications about them – caused the need for a flurry of communications with opposing counsel yesterday, as well as a significant amount of unexpected work and communications among co-counsel and staff yesterday and today. Beyond that, Plaintiff's counsel must now spend significant time, energy, and resources providing substantive responses to Defendants' Rule 72 objections on a tight, one-week turnaround (*see* ECF 66), while, at the same time, waiting for a response from Defendants to Plaintiff's settlement demand that the Court first contemplated Defendants' providing long ago. The need to conduct all of that additional work is not only prejudicial, but also serves to undermine, rather than advance, the possibility of settlement.

As is also relevant to the prejudice issue, as anticipated after the May 2023 settlement conference (*see, e.g.,* May 9, 2023 electronic order), on May 26, 2023, Plaintiff made an application seeking an order recognizing that the toll applicable as a result of certain New York executive orders applied to Plaintiff's federal claims in this matter or, alternately, equitably tolling the relevant federal statutes of limitations. Defendants opposed on June 6, 2023 (ECF 60). Significantly, the main thrust of Defendants' statements – which are conclusory and often flatly inaccurate - is that Plaintiff and Plaintiff's counsel have not been diligent in attempting to identify the Doe Defendants. Of course, pursuing the Relevant Discovery is one part of that process. Particularly in light of Defendants' accusations that Plaintiff is not doing enough to identify the Doe Defendants, Defendants' ongoing refusals to provide the Relevant Responses actively undermine Plaintiff's rights – and obligations – to prosecute the case, including their obligations to identify the proper Doe Defendants, and narrow the universe of individual Defendants, in a timely fashion.

On the fourth and final factor related to Defendants' stay application - where the public interest lies – advancing the litigation would serve the public interest, including "the important federal interests in broad discovery and truth-seeking and the interest in vindicating important federal substantive policy such as that embodied in section 1983." *Crosby v. City of New York*, 269 F.R.D. 267, 274 (SDNY 2010).

## 2. The Court should extend the July 5, 2023 deadline set in the Order by which Plaintiff must amend the operative pleading.

As seen above, the reality is that Defendants have not provided the Relevant Responses, and so Plaintiff cannot amend the operative pleading using the information provided in them, as contemplated by the Court. Plaintiffs therefore ask that the Court adjust the July 5, 2023 deadline accordingly, to a reasonable date in light of the current litigation status. Defendants take no position on this application.

## 3. The Court should impose reasonable monetary and/or other sanctions on Defendants.

Finally, Plaintiff asks that the Court impose reasonable sanctions for their failure to comply with the Order by providing the Relevant Responses, or making a timely motion for a stay or other relief from the Order, and/or for their failures to communicate with Plaintiff's counsel about the status of their (non-)compliance with the Order or proposed stay application. Defendants have not explained those failures. As discussed above, time is of the essence in terms of Plaintiff's need to receive the Relevant Responses, and Defendants have caused, and will cause, prejudice. Under the circumstances here, Plaintiff respectfully submits that reasonable monetary and/or other sanctions are warranted.

---

to the contrary. We think a motion for sanctions is entirely appropriate under these circumstances." As we file this application, Plaintiff's counsel has not received a further response from defense counsel.

4

Plaintiff and counsel thank Your Honor for the Court's attention to these matters.

Respectfully submitted,

Gideon Orion Oliver

5